{¶ 67} I respectfully dissent from the analysis and disposition of this case by the majority.
 {¶ 68} It does not appear from the record that the trial court examined the finances of the parties and/or questioned each of them as to the specifics of those finances to determine if the settlement was fair and equitable. Therefore, I find that the trial court should have, at least, granted a hearing on the appellant's Motion to Reconsider prior to the Judgment Entry of Divorce being filed.
 {¶ 69} While I concede that the April 24, 2006, Motion for Reconsideration filed on appellant's behalf was not as detailed as it should have been regarding the finances of the parties, I still find that it should have prompted the trial court to examine the matter more closely.
 {¶ 70} Ideally, the detailed examination of the parties' finances and the ultimate determination of the fairness and equitableness of the separation agreement should have been done by the trial court on the date the parties entered into said agreement on the record. *Page 12 
 {¶ 71} An agreement between parties to a divorce action which sets forth an unequal division of assets and debts or imposes on a party monthly expenses which exceed monthly income, should prompt a trial court to ask questions regarding the motivation for said agreement. This type of questioning may reveal that a party is under duress or undue influence. *Page 1